IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAI ALKEBU-LAN, | No. C 06-5991 CW (PR) |
| Plaintiff, | ORDER TO SHOW CAUSE AND DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| A. P. KANE, Warden, et al., | |
| Defendants. | |

Plaintiff Shai Alkebu-lan, a state prisoner currently incarcerated at the California Medical Facility, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application for in forma pauperis (IFP) status. The events giving rise to the complaint occurred while Plaintiff was housed at the Correctional Training Facility in Monterey County in this district. On June 11, 2007, the Court issued an Order Denying Leave to Proceed In Forma Pauperis Without Prejudice and Dismissing Complaint with Leave to Amend. On July 26, 2007, Plaintiff filed his first amended complaint, which the Court now reviews to determine whether it states cognizable claims for relief. Because Plaintiff complied with the requirements set forth in its June 11, 2007 Order by amending his complaint, the Court will review his IFP application anew.

I.   Review of Plaintiff's First Amended Complaint

In his original complaint, Plaintiff had attempted to state claims against Defendants for the use of excessive force and for a due process violation stemming from the alleged denial of his visitation rights with his children and their mother, Memri Tagle.

In its June 11, 2007 Order, the Court found Plaintiff's

excessive force claim cognizable; however, it was dismissed with leave to amend because Plaintiff had failed to allege with specificity which Defendants proximately caused the violations of his constitutional rights.  Upon reviewing his first amended complaint, the Court again finds that Plaintiff has not identified with sufficient specificity the actions of Defendants that rise to the level of excessive force.  In support of his claim Plaintiff states:

> Defendants Lt. R. Lopez, Sgt. Soekardi and two unknown correctional guards severely beat Plaintiff with batons, fists and kicks in his head, ribs, back, neck, ears and eyes resulting in Plaintiff being transferred to California Medical Facility for Physical/Psychological injuries and an emotional breakdown leading to diminished vision in Plaintiff's right eye.

(First Am. Compl. at 3b.)[1]  Standing alone, however, this conclusory description of what occurred does not put the individual Defendants on notice of the alleged unconstitutional conduct in which they engaged.  Plaintiff has failed to allege even the most basic facts regarding the alleged use of force, such as the date or location of the use of force as well as the cause for the alleged beating.  Most importantly, he has failed to allege what Defendants Lopez and Soekardi did individually to contribute to the alleged use of excessive force.  To state a cognizable claim against individual defendants, a plaintiff must set forth specific facts as to each individual defendant's role in depriving Plaintiff of his protected rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.

---

[1] Plaintiff attached two pages to the "Statement of Claim" section on page three of his first amended complaint; therefore, the Court has renumbered page three as "3a" and the two other pages as "3b" and "3c."

2

1988).  Furthermore, liability may be imposed only if the plaintiff can allege and show that each defendant actually and proximately caused the deprivation of a federally protected right.  See id. Accordingly, Plaintiff is granted leave to amend the complaint against Defendants Lopez and Soekardi to set forth additional facts regarding the alleged use of force, and to set forth specific facts showing that each individual Defendant's actions proximately caused a violation of Plaintiff's constitutional rights, provided he can do so in good faith.

Plaintiff identifies "two unknown correctional guards" in the body of his amended complaint; however, he does not name them as Defendants in this action.  If Plaintiff intends to sue these "two unknown correctional guards," he must move to add them as Defendants.  Where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff will be given an opportunity through discovery to identify them.  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  Therefore, should Plaintiff learn the identities of the "two unknown correctional guards," he may move to file an amendment to the complaint to add them as named defendants.  See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

As to the due process claim alleged in Plaintiff's original complaint, the Court could not determine whether the length of the deprivation of his visitation rights with his family was enough to implicate the Due Process Clause.  Accordingly, that claim was dismissed with leave to amend to include the exact dates and the length of time he was denied visitation.  Plaintiff's first amended

complaint states:

> On November 4, 2004, Defendants Memri Tagle, Correctional Counselor I. J. Lozada, Lt. Stoneberg, Capt. I. Guerra, [and] Corrections Guard E. S. Strickland knowingly conspired and deprived Plaintiff [of] his constitutional due process rights to visitation and communications (Ex-1 Court Order) by generating a CDC 128 B (Ex-2 General Information Chrono, resulting in the complete denial of Plaintiff's visitation/communication rights with his children Nehanda and Angela Tagle) for the indefinite period of time from November 4, 2004 to present creating a typical [sic] and significant hardship on the inmate/plaintiff in relation to the ordinary incidents of prison life.

(First Am. Compl. at 3a (citing Sandin v. Conner, 515 U.S. 472, 483-84 (1995)).)

The Court finds that the length of deprivation -- "for an indefinite period of time from November 4, 2004 to present" -- is enough to implicate the Due Process Clause. See Sandin, 515 U.S. at 485-87 (The complete denial of visitation rights for an extended or indefinite period of time may well impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.") Therefore, Plaintiff's allegations state a cognizable due process claim stemming from the denial of his visitation rights with his family.

Plaintiff is also seeking to sue his wife, Defendant Tagle. A private individual does not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). There is no right to be free from the infliction of constitutional deprivations by private individuals. See Van Ort v.

4

Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). As a matter of law, the facts alleged by Plaintiff cannot state a cause of action under § 1983 against Defendant Tagle. Accordingly, Plaintiff's claim against Defendant Tagle is DISMISSED with prejudice.

As to Plaintiff's due process claim against Defendants Warden A. P. Kane, Captain I. Guerra, Lieutenant E. D. Palmer, Lieutenant Stoneberg, Associate Warden J. R. Solis, Officer E. S. Strickland, and Correctional Counselors Lozada and W. B. Childress, the Court finds that Plaintiff has failed to identify with specificity how each Defendant actually and proximately caused the deprivation of a federally protected right. See Leer, 844 F.2d at 634. Therefore, Plaintiff will be given leave to amend the complaint to set forth additional facts regarding the alleged due process violation in order to cure this pleading deficiency.

Finally, Plaintiff names Sergeant B. R. Peoples as a Defendant in his first amended complaint. Plaintiff, however, makes no allegations whatsoever against Defendant Peoples. Because Plaintiff has not linked Defendant Peoples to the allegations in his first amended complaint, Plaintiff's claim cannot proceed against Defendant Peoples unless Plaintiff amends his complaint to cure this pleading deficiency. Accordingly, Plaintiff's complaint against Defendant Peoples is DISMISSED with leave to amend.

II. Review of Plaintiff's IFP Application

Although Plaintiff may have cognizable claims for relief, he may pursue those claims only if he pays the filing fee or is granted IFP status. However, Plaintiff is ineligible for IFP status, because the Court has dismissed three or more prior

prisoner actions brought by Plaintiff on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act of 1995 was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes. See id. Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id.

<u>Andrews</u> requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the Court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. <u>Id.</u> <u>Andrews</u> implicitly allows the Court to raise the § 1915(g) problem <u>sua sponte</u>, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. <u>See</u> <u>id.</u> at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Plaintiff's prior prisoner actions in this Court reveals that Plaintiff has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Plaintiff is now given notice that the Court believes the following dismissals may be counted as dismissals for purposes of § 1915(g): (1) <u>Alkebu-Lan v. Hall, et al.</u>, No. CV-03-0702-UA-CT (C.D. Cal. Feb. 5, 2003) (civil rights complaint dismissed as frivolous); (2) <u>Alkebu-Lan v. Lewis, et al.</u>, No. CV-F-03-05013-REC-LJO-P (E.D. Cal. May 29, 2003) (civil rights action dismissed for failure to amend and for failure to state a claim); and (3) <u>Alkebu-Lan v. Kane, et al.</u>, No. C 05-5069 CW (PR) (N.D. Cal. June 12, 2006) (civil rights action dismissed for failure to state a claim). Plaintiff therefore may proceed IFP only if he is seeking relief

7

from a danger of serious physical injury which is "imminent" at the time of filing. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). Here, although Plaintiff allegedly was in imminent danger of serious physical injury at the time he was attacked by Defendants, imminent danger is assessed at the time a prisoner files a civil rights action, rather than at the time of the incidents giving rise to the prisoner's claims. See id. At the time Plaintiff filed this action, he was housed at the California Medical Facility and was not in any danger of attack by Defendants. Therefore, the Court finds that the imminent danger exception to the three-strikes bar is not applicable to this action.

In light of these dismissals, and because Plaintiff does not appear to be under imminent danger of serious physical injury, he is ORDERED TO SHOW CAUSE in writing no later than thirty (30) days from the date of this Order why IFP should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). If Plaintiff is so inclined, he may avoid dismissal by paying the $350.00 filing fee. In any event, the Court will continue to review under § 1915(g) all future actions filed by Plaintiff while he is incarcerated in which he seeks IFP status.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claim against Defendant Tagle is DISMISSED with prejudice.

8

2.   Plaintiff's claims against all remaining Defendants are DISMISSED with leave to amend to cure the pleading deficiencies outlined above.

3.   Plaintiff is ORDERED TO SHOW CAUSE in writing no later than <u>thirty (30) days</u> from the date of this Order why IFP should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  If Plaintiff is so inclined, he may avoid dismissal by paying the $350.00 filing fee no later than <u>thirty (30) days</u> from the date of this Order.

<u>Failure to file a timely response or failure to pay the full filing fee within thirty (30) days from the date of this Order will result in the dismissal of this action without further notice to Plaintiff.</u>

4.   If Plaintiff pays the full filing fee within the thirty-day time frame, he may file a second amended complaint within <u>thirty (30) days</u> of paying the filing fee.  He must use the attached civil rights form, write the case number for this action on the form, clearly label the complaint "Second Amended Complaint," and complete all sections of the form.

<u>Failure to file a timely second amended complaint within (30) days from paying the filing fee will result in the dismissal of this action without prejudice.</u>

5.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9

6. The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

DATED:    6/4/09


CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SHAI ALKEBU-LAN,

        Plaintiff,

v.

A.P.KANE et al,

        Defendant.

Case Number: CV06-05991 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 4, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shai Alkebu-lan CDC# P-02598        w/blank CR form
California Medical Facility (H-320 Low)
P.O.Box 2000
Vacaville, CA 95696-2000

Dated: June 4, 2009

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk