IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAI ALKEBU-LAN, | No. C 06-5991 CW (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| A. P. KANE, Warden, et al., | |
| Defendants. | |

## BACKGROUND

Plaintiff Shai Alkebu-lan, a state prisoner currently incarcerated at the California Men's Colony State Prison, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application for in forma pauperis (IFP) status. The events giving rise to the complaint occurred while Plaintiff was housed at the Correctional Training Facility (CTF). He raised claims against CTF prison officials for the use of excessive force and for a due process violation stemming from the alleged denial of his visitation rights with his children and their mother, Memri Tagle.

In an Order dated June 11, 2007, the Court found Plaintiff's excessive force claim cognizable; however, it was dismissed with leave to amend because Plaintiff had failed to allege with specificity which Defendants proximately caused the violations of his constitutional rights. Plaintiff's IFP application was denied without prejudice.

On July 26, 2007, Plaintiff filed an amended complaint.

Because Plaintiff complied with the requirements set forth in

its June 11, 2007 Order by amending his complaint, the Court reviewed his IFP application anew. In an Order dated June 4, 2009, because Plaintiff had "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," and had not alleged that he was under imminent danger of serious physical injury, the Court ordered him to show cause why his actions should not be dismissed without prejudice to bringing in a paid complaint. 28 U.S.C. § 1915(g); see Andrews v. King, 398 F.3d 1113, 1120-21 (9th Cir. 2005). The Court also reviewed Plaintiff's amended complaint and found that he had not identified with sufficient specificity the actions of Defendants Lt. R. Lopez and Sgt. Soekardi that constituted excessive force. The Court dismissed with prejudice Plaintiff's claims against Defendant Tagle, and dismissed with leave to amend his claims against all remaining Defendants. If Plaintiff decided to pay the full filing fee instead of responding the order to show cause, he was directed to file a second amended complaint within thirty days of paying the filing fee.

    On July 27, 2009, after being granted an extension of time to respond to the order to show cause, Plaintiff responded by filing a "Order to Show Cause Reply" in which he challenges the dismissal of this action pursuant to § 1915(g). He claims the "alleged dismissals by the Court for failure to state a claim is [sic] untrue," and attempts to make a showing as to why his action should not be dismissed. (Pl.'s Response at 1.) He also filed a second amended complaint.

DISCUSSION

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation; the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact;" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" Andrews, 398 F.3d at 1121 (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes. See id.

Plaintiff alleges that the first case the Court considered a strike for § 1915(g) purposes, Alkebu-Lan v. Hall, et al., No. CV-03-0702-UA-CT (C.D. Cal. Feb. 5, 2003) (civil rights complaint dismissed as frivolous), was "not dismissed, yet granted at the institutional level on appeal, from the courts [sic] intervention." (Pl.'s Response at 1.) Plaintiff is incorrect. On January 31, 2003, Case No. CV-03-0702-UA-CT was found to be "Legally and/or patently frivolous" by a magistrate judge of the United States District Court of the Central District of California. (Jan. 31, 2003 Order in Case No. CV-03-0702-UA-CT at 1.) Thereafter, on February 4, 2003, the district judge denied Plaintiff's application to file the action without prepayment of the full filing fee. (Feb. 4, 2003 Order in Case No. CV-03-0702-UA-CT at 1.) Thus, the lodged complaint was returned to Plaintiff along with a copy of the February 4, 2003 Order. The Ninth Circuit has held that a case is "dismissed" for the purposes of § 1915(g) "when the court denies the prisoner's application to file the action without prepayment of

the filing fee on the ground that the complaint is frivolous, malicious or fails to state a claim, and thereupon terminates the complaint." O'Neal v. Price, 531 F.3d 1146, 1152 (9th Cir. 2008). The Central District Court disposed of the complaint in Case No. CV-03-0702-UA-CT on such grounds; therefore, contrary to Plaintiff's allegations, it was "dismissed" for the purposes of § 1915(g). Id. at 8691, 8695 (finding that the district court necessarily reviewed the complaints and made an assessment on their merits in determining whether the actions qualified for IFP status).

Plaintiff argues that the second case, Alkebu-Lan v. Lewis, et al., No. CV-F-03-05013-REC-LJO-P (E.D. Cal. May 29, 2003) (civil rights action dismissed for failure to amend and for failure to state a claim), should not have been considered a strike for § 1915(g) purposes, stating: "The case was never given/received by Plaintiff from the Court.  However, the Court itself provided all the requested documentation to pursue the original issue." (Pl.'s Response at 1.)  Plaintiff's argument is unavailing.  On February 27, 2003, a magistrate judge of the Eastern District found that the complaint filed in Case No. CV-F-03-05013-REC-LJO-P "fail[ed] to state a claim for relief;" therefore, it was dismissed with leave to amend.  (Feb. 27, 2003 Order in Case No. CV-F-03-05013-REC-LJO-P at 5.)  Plaintiff was directed to file an amended complaint within thirty days or risk dismissal of the complaint. (Id.)  On April 10, 2003, the magistrate judge noted that more than thirty days had passed, but Plaintiff failed to file an amended complaint or respond to the Court's February 27, 2003 Order.  (Apr. 10, 2003 Order in Case No. CV-F-03-05013-REC-LJO-P at 1.)  Therefore, the

magistrate judge recommended the dismissal of that action "for plaintiff's failure to obey the court's order of February 27, 2003, and for the reasons set forth therein, namely, for failure to state a claim upon which relief may be granted." (Id. at 3.) On May 29, 2003, a District Judge of the Eastern District adopted in full the Findings and Recommendations of the magistrate judge and dismissed that case for failure to state a claim. (May 29, 2003 Order in Case No. CV-F-03-05013-REC-LJO-P at 2.) As mentioned above, Plaintiff generally claims that "the alleged dismissals by the Court for failure to state a claim is [sic] untrue;" however, the record shows otherwise. Thus, the dismissal of Case No. CV-F-03-05013-REC-LJO-P is a second strike for § 1915(g) purposes.

Finally, Plaintiff claims that the case considered as the third strike for § 1915(g) purposes, Alkebu-Lan v. Kane, et al., No. C 05-5069 CW (PR) (N.D. Cal. June 12, 2006) (civil rights action dismissed for failure to state a claim), "was reopened, based upon a filing error, and given a new case no. C-06-5991 CW (PR) due to the prison not providing Plaintiff with all court documents in his mail (legal) . . . ." (Pl.'s Response at 2.) Plaintiff's allegations are untrue. This Court reviewed the complaint in Case No. C 05-5069 CW (PR), which alleged that CTF prison officials "falsely accused him of violating a prison chrono prohibiting him from writing to his former wife, Ms. Tagli."[1] (June 12, 2006 Order in Case No. C 05-5069 CW (PR) at 1.) On June 12, 2006, that action was dismissed for failure to state a claim upon which relief could be granted. (Id. at 5.) While Plaintiff's

---

[1] Plaintiff spelled his former wife's name as "Tagli" in Case No. C 05-5069 CW (PR) as opposed to "Tagle" in the present action.

5

prior action and the present one both name his former wife as a Defendant, these actions are unrelated. Furthermore, his prior action was never reopened based upon a "filing error" and was not given the case number of the present action, Case No. 06-5991 CW (PR).[2] Instead, the record shows that the present action commenced when Plaintiff filed his original complaint on September 27, 2006. Therefore, the dismissal of Case No. C 05-5069 CW (PR) is a third strike for § 1915(g) purposes.

Finally, Plaintiff argues that the Court should allow him to proceed IFP because he is presently "under imminent danger or physical (serious) injury . . . ."[3] (Pl.'s Response at 2-3.) However, Plaintiff may proceed IFP only if he is seeking relief from a danger of serious physical injury which is "imminent" <u>at the time of filing</u>. See <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312 (3d Cir. 2001) (en banc) (emphasis added). In its June 4, 2009 Order, the Court determined that the imminent danger exception to the three-strikes bar was not applicable to this action:

> Here, although Plaintiff allegedly was in imminent danger of serious physical injury at the time he was attacked by Defendants, imminent danger is assessed at

---

[2] Plaintiff appealed the dismissal of Case No. 05-5069 CW (PR); however, on November 16, 2006, his appeal was dismissed for failure to prosecute -- about a month and a half after he filed the complaint in the present action.

[3] Plaintiff alleges that he was relocated to the California Men's Colony State Prison from the California Medical Facility (CMF) because he was in "imminent danger [of] serious physical injury" after he "testified against several white supremacist CMF/CTF staff and CMF inmates . . . ." (Pl.'s Response at 2-3.) He also claims he was "falsely placed in administrative segregation" and "stalked" by prison guards at the CMF, who threatened "to kill [him]." (<u>Id.</u> at 3.) If Plaintiff seeks to bring an action in federal court about the conditions of confinement at the California Medical Facility, he must file a civil rights complaint under 42 U.S.C. § 1983 in the Eastern District of California.

6

> the time a prisoner files a civil rights action, rather than at the time of the incidents giving rise to the prisoner's claims. At the time Plaintiff filed this action, he was housed at the California Medical Facility and was not in any danger of attack by Defendants.

(June 4, 2009 Order at 8 (citation omitted).)

Plaintiff's allegations in his response to the order to show cause fail to show that this action should not be dismissed pursuant to § 1915(g). Accordingly, the present action is hereby DISMISSED without prejudice to bringing the claims herein in a future action in which Plaintiff pays the full filing fee of $350.00.

The Clerk of the Court shall close the file and terminate all pending motions.

IT IS SO ORDERED.

DATED: 8/25/09

    _____
    CLAUDIA WILKEN
    United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAI ALKEBU-LAN, | Case Number: CV06-05991 CW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| A.P.KANE et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 25, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shai Alkebu-lan CDCR# P-02598
California Men's Colony State Prison
Cell #D-8384
P.O. Box 8101
San Luis Obispo, CA 93409-8101

Dated: August 25, 2009

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk